# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

KATINA VON NEWMAN,

      **Plaintiff,**

v.                                                                                             **Civil Action No. 3:19-cv-00075**

MARSHALL UNIVERSITY POLICE
DEPARTMENT, THE CITY OF HUNTINGTON,
AND THE HUNTINGTON POLICE DEPARTMENT,

      **Defendants.**

## ORDER

Pending before the Court are ***Defendants, The City of Huntington and the Huntington Police Department's Motion to Strike Plaintiff's Amended Complaint Filed on January 30, 2019*** (ECF No. 6) and ***Defendant Marshall University Police Department's Motion to Strike Plaintiff's Amended Complaint Filed on March 13, 2019*** (ECF No. 21) Having examined the Complaint (ECF No. 2) and the "amended" Complaint (ECF No. 18) as well as other filings submitted by Plaintiff, as well as pertinent legal authority, the undersigned concludes that Defendants' ***Motions*** should be **DENIED**.

### Procedural History[1]

Defendants City of Huntington and the Huntington Police Department filed their Notice of Removal along with an attachment of the civil action filed in the Circuit Court of Cabell County, West Virginia on January 29, 2019. (ECF Nos. 1, 1-1) That same day, Defendants filed their Answer. (ECF No. 3) On February 21, 2019, Defendants filed their Motion to Strike (ECF No. 6)

---

[1] For the sake of clarity, a portion of the procedural history is provided to reflect filing pertaining just to the motions to strike Plaintiff's amended complaint(s).

1

asserting that Plaintiff filed an amended complaint in the Circuit Court of Cabell County the day after Defendants filed their Answer and Notice of Removal herein. By Order entered on February 22, 2019, this Court issued a Roseboro notice to Plaintiff advising of her right to respond to Defendants' Motion. (ECF No. 7) On March 7, 2019, Plaintiff filed her "Response in Opposition to Defendants Motion to Strike Plaintiffs Amended Complaint". (ECF No. 13)[2] On March 13, 2019, Plaintiff filed her "Amended Complaint". (ECF No. 18)[3]

On March 28, 2019, Defendant Marshall University Police Department filed its Motion to Strike (ECF No. 21). That same day, this Court issued Plaintiff another Roseboro notice advising

---

[2] On March 6, 2019, Plaintiff also filed a "30 day Pre Suit Notice" (ECF No. 11), and on March 7, 2019, she filed what has been docketed as "Additional Documentation" and an "Attached Statement From Witness" that has also been docketed as "Additional Documentation" (ECF Nos. 12, 14). Presumably, the "30 day Pre Suit Notice" was filed in response to Defendant Marshall University Police Department's Motion to Dismiss and Memorandum of Law in support of same (ECF Nos. 8, 9), however, those issues are not considered in this Order. However, Plaintiff filed additional documents along with the "30 day Pre Suit Notice" that are best described as: a copy of the complaint supposedly filed in the Circuit Court of Cabell County; an "Officer Complaint Report" that is comprised of Huntington Police Department forms dated September 6, 2018 and signed by Plaintiff that concerns the December 4, 2016 incident involving Bradley Koeppen; and an undated letter to "Mr. Terry" from Plaintiff concerning an incident occurring on November 29, 2016 involving alleged threats and harassment by Officers Henson and Parker against Plaintiff and her husband, presumably one "Michael A. King".

The "Additional Documentation" (ECF No. 12) appears to be an undated and unsigned letter to "Mrs. Newman/Spaulding" on Huntington Police Department letterhead, ostensibly from Lt. Larry M. Zimmerman of the Office of Professional Standards advising that the complaint in reference to the December 4, 2016 incident was determined to be unfounded. The undersigned notes that the date of the "incident" is the same date concerning the allegations in Plaintiff's complaint.

The other "Additional Documentation" (ECF No. 14) concerns Plaintiff's "Attached Statement from Witness" dated March 6, 2019 from a Michael A. King and appears to relate to a separate incident occurring on November 29, 2016 involving Mr. King, Ms. Newman and "Alannia Flix". The "Additional Documentation" includes an attachment that concerns a criminal complaint filed in the Magistrate Court of Cabell County, West Virginia against Katrina V. Spaulding for assault allegedly committed on November 29, 2016. (ECF No. 14-1)

All these documents (ECF Nos. 11, 12, 14, 14-1) appear to have some relation to the allegations contained in Plaintiff's complaint.

[3] On March 13, 2019, Plaintiff filed her "Amended 30 day Pre Suit Notice" and what has been docketed as "Additional Documentation" (ECF Nos. 16, 17). It is noted that the "Amended 30 day Pre Suit Notice" appears to be no different from the prior "30 day Pre Suit Notice" (ECF No. 11) except that it is signed by Plaintiff with "amended March 13, 2019" handwritten on the document, but it does not include the complaint supposedly filed in the Circuit Court of Cabell County, the "Officer Complaint Report", or the letter to "Mr. Terry".

The "Additional Documentation" is another copy of the undated and unsigned letter to "Mrs. Newman/Spaulding" on Huntington Police Department letterhead (ECF No. 12) but with added handwritten notes that appear to contest the date referenced in the letter as to when Plaintiff "attempted to file charges and complaint against Officer Bradley Koeppen" ("March 13, 2017, not April 11, 2017"), and that Plaintiff did not receive this letter by mail "or notified by HPD." (ECF No. 17)

her of her right to file a response. (ECF No. 22) Plaintiff did not file a response to Defendant Marshall University Police Department's Motion.[4] However, on April 17, 2019, Plaintiff filed what has been docketed as "Additional Documentation". (ECF No. 29)[5]

### Arguments in Favor of Striking Amended Complaint(s)

Defendants City of Huntington and the Huntington Police Department assert that Plaintiff filed an amended complaint in the Circuit Court of Cabell County the day after these Defendants filed their notice of removal and answer. These Defendants contend that Plaintiff's amended complaint was filed without leave of court or with their consent pursuant to Rule 15 of the Federal Rules of Civil Procedure. (ECF No. 6) In response, Plaintiff asserts that she filed the amended complaint on January 29, 2019, but the state court clerk date stamped it for January 30, 2019. (ECF No. 13) However, Plaintiff states that the "only thing in Amendment different from original lawsuit is mis-spelled words corrected and Plaintiff changed to Defendant and the mistake of putting 8th St instead of 10th St where the Marathon Gas station is located." (Id.)

On March 28, 2019 Defendant Marshall University Police Department filed a Motion to Strike Plaintiff's Amended Complaint (ECF No. 21) that she filed with this Court on March 13, 2019 (ECF No. 18) Defendant points out that this is Plaintiff's "Second Amended Complaint", as she had filed her first amended complaint in the Circuit Court of Cabell County on or about January 30, 2019, nevertheless, Plaintiff filed her "second" amended complaint without leave of court of the parties' consent in violation of Rule 15 of the Federal Rules of Civil Procedure. (ECF No. 21)

---

[4] In the Roseboro notice, this Court directed that Plaintiff file her response no later than April 11, 2019, however, as of the date of this Order, no response has been filed by Plaintiff.
[5] The "Additional Documentation" concerns the criminal complaint filed in the Magistrate Court of Cabell County against "Katina Spaulding" for "assault" allegedly committed against Allania Felix on November 29, 2016 at Marshall University's Smith Hall in the 1600 Block of 3rd Avenue and signed by "Shawn Henson" as the complainant. Included is the "Jail Commitment Order" signed by the county magistrate on December 4, 2016 with Officer "B. Koeppen #163" as the "officer taking custody/jail officer" that same date; bail was set at $5,000.

As noted *supra*, Plaintiff did not file a response to this Motion.

## **THE STANDARD**

Plaintiff is acting *pro se,* therefore, the Court should liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). However, "[l]iberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). "Moreover, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court." Miller, 2007 WL 2050409, at *3 (citing Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)).

### **Discussion**

The "first" amended complaint filed in the Circuit Court of Cabell County, West Virginia is not before this Court, however, the "second" amended complaint filed on March 13, 2019 (ECF No. 18) is. There is no question that after Defendants filed their answers or responsive pleadings that Plaintiff did not move for leave to amend or receive consent from Defendants to file her amended complaint. However, as noted *supra*, Plaintiff defended her amendment explaining that the only difference from her original complaint included corrected spelling errors or mistakes with respect to the enumerated streets. The undersigned reviewed Plaintiff's "original" complaint that was filed in the Circuit Court of Cabell County and attached to Defendants City of Huntington and

the Huntington Police Department's notice of removal (ECF No. 1-1 at 4-6) and notes that the amended complaint filed on March 13, 2019 (ECF No. 18) is virtually identical to the original complaint with the exceptions detailed by Plaintiff. Indeed, Plaintiff changed a couple of phrases (i.e. from "all black MUPD SUV and the HPD officer sitting in the corner of lot pulled off" to "all black MUPD SUV parked at corner of 10th St. and 9th Ave on odd side of street and the HPD officer sitting in the corner of Marathon lot pulled off"; from "Coochie" to "vagina"), but in all substantive respects, the allegations are exactly the same.

Though sometimes couched as amendments, and not specifically referenced by Defendants in their respective Motions to Strike, Plaintiff has filed "Additional Documentation" that appears to concern materials that are related to various degrees to the allegations contained in her complaint. Indeed, Plaintiff filed these 'pleadings' after Defendants filed their answers and responsive pleadings without asking leave of Court or with the consent of the opposing parties. However, because Plaintiff is acting *pro se*, the documents she has filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Further, because Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave when justice so requires", the Court declines to hold Plaintiff to the strict construction of Rule 15, and therefore will freely permit Plaintiff's pleadings and will consider them under the less stringent standard espoused by the jurisprudence governing *pro se* litigants. **Plaintiff is hereby put on notice that any "Additional Documentation" or "Amendments" MUST be accompanied by a Motion requesting the appropriate relief.**

Accordingly, Defendants ***Motions*** (ECF Nos. 6, 21) are hereby **DENIED**.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: July 22, 2019.

Omar J. Aboulhosn
United States Magistrate Judge