IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATINA VON NEWMAN,

      **Plaintiff,**

v.                                                                                                                                            **Civil Action No. 3:19-cv-00075**

MARSHALL UNIVERSITY POLICE
DEPARTMENT, THE CITY OF HUNTINGTON,
AND THE HUNTINGTON POLICE DEPARTMENT,

      **Defendants.**

## ORDER

Pending before the Court is ***Plaintiff's Motion/Request of the Court to Abstain from Rendering any Future Claim of the Plaintiff Moot to Allow for Further Discovery as to the Video and Body Camera Footage*** (ECF No. 73) filed on October 25, 2019. Because the Court's entry of the Scheduling Order provides for discovery requests to be completed by July 15, 2020 and all depositions by September 1, 2020, Plaintiff's ***Motion*** is hereby **GRANTED**.

Also pending before the Court is ***Plaintiff's Motion for Sanctions and Request for a Hearing*** filed on October 25, 2019. (ECF No. 73) Specifically, Plaintiff seeks sanctions against Defendants The City of Huntington and the Huntington Police Department (hereinafter referred to as "the City" and "HPD") for filing a "false" pleading in response to this Court's July 25, 2019 Order directing Defendants to provide to the Court and to Plaintiff copies of any dash cam or body cam video concerning Plaintiff's arrest.[1] Accordingly, on December 2, 2019, came the parties for

---

[1] Following a telephone conference on the record that concerned Defendants, The City of Huntington and the Huntington Police Department's Motion to Compel Plaintiff to Respond to Defendants' First Set of Interrogatories and Requests for Production of Documents and to Appear for Deposition as well as Defendants, The City of Huntington and the Huntington Police Department's Motion to Dismiss for Failure to Prosecute, the Court's Order

1

a hearing concerning ***Plaintiff's Motion for Sanctions*** (ECF No. 73).[2] Appearing on behalf of the Plaintiff was counsel Andrew D. Byrd, Esq., and appearing on behalf of the Defendants City and HPD were counsel Steven K. Nord, Esq. and David Lewis Shuman, Jr., Esq. and on behalf of Defendant Marshall University Police Department was counsel Eric Salyers, Esq.

## Background and Procedural History[3]

Plaintiff filed her Complaint on November 28, 2018 in the Circuit Court of Cabell County, West Virginia alleging a variety of "color of law" crimes as well as conspiracy against Defendants that began on December 4, 2016 when HPD Officer Bradley Koeppen "shook" her breast and "grabbed" her vagina during her arrest. (ECF No. 1-1) Plaintiff alleged that on March 13, 2017, she went to HPD to file sexual assault charges against the officer and was interviewed by Lt. Larry Zimmerman, however, despite phone calls to both the HPD Chief and the City's Mayor Steve Williams, her complaint went nowhere. (Id.) Plaintiff further alleged that for the past two years she had been "stalked and harassed" by City employees and Defendant Marshall University Police Department staff, which included "false charges" being filed against her by members of Defendant Marshall University Police Department that were eventually dismissed because the officer failed to appear in court. (Id.)

On January 29, 2019, the City and HPD filed their Notice of Removal along with an attachment of the civil action filed in the Circuit Court of Cabell County, West Virginia and their Answer. (ECF Nos. 1, 1-1, 3)

---

specified that these Defendants submit this discovery. (ECF No. 49 at 3, ¶4)

[2] By Order entered October 28, 2019 (ECF No. 74), the Court scheduled a hearing on the Motion for December 2, 2019 and directed a briefing schedule: Defendants City and HPD filed their ***Response in Opposition*** to Plaintiff's Motion (ECF No. 81); on November 22, 2019, Plaintiff filed her ***Reply*** (ECF No. 82).

[3] For the sake of clarity, a portion of the procedural history is provided to reflect filing pertaining just to the Motion for Sanctions.

On February 1, 2019, the undersigned entered a Scheduling Order directing that discovery be completed by May 1, 2019. (ECF No. 5)

On March 28, 2019, the City and HPD filed their Notice to take Plaintiff's deposition on April 16, 2019 (ECF No. 23); later, on April 12, 2019, an Amended Notice indicated Plaintiff's deposition would be taken on April 29, 2019 (ECF No. 26). In response, Plaintiff filed a "denial" to have her deposition taken, indicating that Defendants could rely upon her written discovery responses and also filed a motion to strike the Amended Notice. (ECF Nos. 27, 28) Following a hearing on the matter, the Court entered an Amended Scheduling Order directing Plaintiff to cooperate with Defendants' discovery requests and extended the discovery deadline to July 1, 2019. (ECF No. 32)

On April 23, 2019, the City and HPD filed their certificate of service for their first set of interrogatories and requests for production of documents to Plaintiff. (ECF No. 33) On June 7, 2019, the City and HPD filed their motion to compel Plaintiff to respond to their initial discovery requests and to appear for her deposition. (ECF No. 34) This Court granted the motion and again directed Plaintiff to respond to discovery and to appear for her deposition.[4] (ECF No. 35)

On July 25, 2019, during a telephone conference on the record concerning the City's and HPD's motion to dismiss for failure to prosecute, the Court revisited the problems concerning Plaintiff's failure to respond to the City's and HPD's requests for production of documents and to provide a date for her deposition; accordingly, the Court ordered a specific date for Plaintiff to appear for her deposition and to bring with her any materials responsive to the requests for

---

[4] The docket indicates that Plaintiff began to cooperate with Defendants' discovery requests to the extent that Defendant Marshall University Police Department filed a certificate of service for its first set of interrogatories and requests for production of documents on June 7, 2019 (ECF No. 36) and on July 3, 2019, July 8, 2019 Plaintiff filed a certificate of service indicating her responses to Defendants' discovery requests (ECF Nos. 40, 42, 43).

production, including video or audio recordings. (ECF No. 49) The Court also ordered the City and HPD to produce copies of any dash cam or body cam video footage. (Id.)[5]

### The Argument for Sanctions

As an initial matter, the undersigned has previously expressed major misgivings about the City and HPD's Notice Regarding Video Footage and Body Camera Footage (ECF No. 54) during the hearing held on August 20, 2019.[6] In the Order following the hearing, the Court observed that the initial Notice was false, and only after Plaintiff provided her own video evidence during her deposition, did Defendants change the narrative as to why there was no video recording from Plaintiff's arrest. (See ECF Nos. 61, 61-1) Because of the inconsistent positions taken by the City and HPD, the Court noted that the initial Notice contained a misrepresentation, which created more questions with no explanation for the inconsistencies,[7] the Court was without sufficient information to determine the appropriate sanctions. Nevertheless, as a minimum sanction, the Court deemed it necessary that counsel be appointed to assist Plaintiff in this proceeding (See ECF No. 63 at 4).

As stated *supra*, Plaintiff specifically requests sanctions against the City and HPD for filing the Notice Regarding Video Footage and Body Camera Footage because it contained false and misleading information, and when these Defendants filed their Supplemental Notice, they did not explain why the initial Notice contained false and misleading information. Plaintiff argues that this

---

[5] To accommodate the amended notice of Plaintiff's deposition *duces tecum* and extended discovery deadlines, the undersigned also entered a second amended scheduling order (ECF No. 52), however, this was vacated following the appointment of Andrew Byrd, Esq. in this matter (ECF No. 63) and by the entry of Judge Chambers's Scheduling Order (ECF No. 66).

[6] The undersigned scheduled the hearing because Plaintiff filed a response to the Notice noting that she was "contesting" the City's and HPD's assertion that the police cruiser did not have its emergency lights activated. (ECF No. 59)

[7] Because the Court already outlined the discrepancies in the Notice (ECF No. 54) and subsequent Supplemental Notice filed just before the hearing (ECF No. 61) in its Order (ECF No. 63), those matters will not be rehashed herein.

4

Court's July 25, 2019 Order was a discovery order insofar as it directed Defendants to provide video evidence of Plaintiff's arrest pursuant to her request, and by filing a false pleading, trigger the available sanctions under Rule 37 of the Federal Rules of Civil Procedure.

First, Plaintiff asserts that Lt. Zimmerman's affidavit, filed in support of the Supplemental Notice by these Defendants, does nothing to explain what the "previous misunderstanding related to this issue"[8] that caused these Defendants to file the initial Notice, and this lack of explanation can only be construed as bad faith on the part of Defendant HPD. Second, Plaintiff argues that by filing the Supplemental Notice, Plaintiff has been prejudiced by having to go through the onerous process of obtaining her phone records as well as will have to conduct specific discovery pertaining to Defendant HPD's retention of video and body camera footage. In short, Plaintiff will incur additional expenses due to these Defendants' misrepresentations. Third, Plaintiff contends that Defendant HPD was to conduct a proper evidentiary investigation in response to this Court' Order to produce the video and body camera footage but instead submitted a false pleading; this noncompliance with the Court's Order requires deterrence, as it undermines this Court's authority as well as the Federal Rules of Civil Procedure. Finally, Plaintiff submits that the appropriate sanction for this conduct is that this Court prohibit the City and HPD "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"[9] as well as attorney's fees.[10]

---

[8] Paragraph 4 of the Affidavit of Lt. Larry Zimmerman states:
> He has been advised that at the deposition of Katina Von Newman, taken yesterday, the emergency lights on an HPD vehicle were on at the time she was arrested at the Marathon Station at the corner of 10th Street and 9th Avenue, in Huntington, which is verified by video from the Marathon produced yesterday by the Plaintiff, despite his previous misunderstanding related to this issue[.]"

(ECF No. 61-1 at 1-2)
[9] Per Fed.R.Civ.P. 37(b)(2)(A)(ii).
[10] During the hearing, counsel for Plaintiff addressed the footnote contained in Defendants' responsive pleading wherein this Court's appointment of counsel under 28 U.S.C. § 1915(e)(1) "and the payment of attorney's fees and/or

In response, the City and HPD disagree that this Court's July 25, 2019 Order was a discovery order and note that the order was entered following a hearing on these Defendants' motion to dismiss for failure to prosecute. The City and HPD further assert that Plaintiff herself violated two of this Court's orders without consequence and have incurred significant costs in attempting to obtain discovery from Plaintiff as a result of her refusal to cooperate in this proceeding. The City and HPD argue that additional sanction beyond this Court's appointment of counsel for Plaintiff is not warranted because there is no bad faith. Though Defendants tried to explain the lack of video footage, the fact remains is that there is none, and further, both Plaintiff's deposition testimony and her video evidence show that the alleged sexual assault would not have been recorded by the cruiser's dash cam even though the emergency lights were activated. Further, Defendants have no record of Plaintiff's alleged complaint of the sexual assault until she testified at her deposition that she had reported it well beyond the 10-day window that would have preserved any dash cam footage.

The City and HPD dispute that Plaintiff suffered any prejudice as it relates to discovery because she had previously been ordered by this Court to cooperate with Defendants' discovery requests but failed to do so; discovery as it relates to the dash cam footage would be a typical undertaking in any normal litigation. Any delays in this litigation is due to Plaintiff's own conduct, as the Court has extended discovery deadlines because of her refusal to cooperate and further, the Scheduling Order provides that discovery deadlines have been extended to September 1, 2020, thus any delay of the final resolution of Plaintiff's claims caused by the City and HPD is disingenuous. Nevertheless, these Defendants agree that additional discovery is necessary to

---

contingency agreements" may provide additional sanctions for the misrepresentations made in the initial Notice that the Supplemental Notice failed to explain.

determine if any sanctions are appropriate.

In reply, Plaintiff contends that the July 25, 2019 Order was a discovery order because the Court noted that additional discovery would need to take place beyond the deadline and extended it and ordered Defendants to produce any dash cam or body video footage. Plaintiff emphasizes that because this Court has already observed that Defendants' initial Notice contained false information, bad faith has been demonstrated by these Defendants. Further, Plaintiff will still have to engage in additional discovery that will incur additional expense in order to determine the viability of a spoliation of evidence claim because Defendants gave a revised reason for why there is no video footage. Contrary to Defendants' argument that more discovery is needed to determine the appropriate sanctions, Plaintiff submits none is necessary because the Notice and this Court's recognition that it contained false information stand on their own.

**Relevant Law**

Rule 37 of the Federal Rules of Civil Procedure vests courts with wide latitude to penalize sanctionable conduct for failure to obey an order to provide or permit discovery. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Including but not limited to the variety of sanctions at its disposal, a court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(d)(3).

The Eleventh Amendment does not prohibit attorney fee award in the event of bad faith noncompliance with a federal court order. Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).

**Discussion**

The Court is mindful of Defendants' difficulties in obtaining discovery responses from Plaintiff early on in these proceedings due to no fault of their own, however, the Court also recognizes that Plaintiff was *pro se* and filed her civil action in state court prior to Defendants' removal of this action to this Court. Plaintiff, who presents as an unsophisticated litigant, was then tasked to navigate a federal civil action and has often expressed her confusion to the Court as to how to respond or proceed vis-à-vis Defendants' discovery requests. It is also not lost on the Court that Plaintiff, a woman, filed a lawsuit that concerns a very sensitive matter and has alleged serious allegations against Defendants, of whom all are men, who also enjoy authority positions. From this perspective, Plaintiff's professed reservations and confusion over her discovery obligations, and the delays attributed to Plaintiff as a result, though frustrating for Defendants, are nonetheless understandable as they lack the negative association typically afforded to unrequited discovery requests.

It is noted that should Plaintiff prevail in this civil rights action, this Court has discretion to award her reasonable attorney's fees. See 42 U.S.C. § 1988(b). However, even if Plaintiff does not prevail on her claim, there is no question before the undersigned that the City and HPD submitted a pleading that contained false information, and that Plaintiff, *pro se* at the time, demonstrated conclusively to this Court that the pleading contained false information. Indeed, the undersigned specifically appointed counsel to assist Plaintiff in prosecuting this action because the City and HPD filed that false pleading. To that extent, Plaintiff's counsel is entitled to his reasonable attorney's fees and costs associated with that false pleading as well as to the costs that may be incurred during further discovery to determine the degree of egregiousness involved that

compelled the City and HPD to file the false pleading in the first place; this also includes counsel's reasonable fees and costs that may be incurred in prosecuting a spoliation of evidence claim.

On that note, the Court's July 25, 2019 Order (ECF No. 49) *is* a discovery order as envisioned under Rule 37 of the Federal Rules of Civil Procedure. The reason for holding the telephone conference on the record was because the City and HPD filed not only a motion to dismiss for failure to prosecute, but also a motion to compel Plaintiff to respond to discovery requests. Noting that the discovery deadline had expired on July 1, 2019, the Court extended the deadlines to enable the parties to obtain the necessary information to properly prosecute their respective positions. The Court explicitly directed Defendants to produce copies of any dash cam or body cam video footage both to the Court and to Plaintiff. Instead of providing a true report concerning this potentially discoverable evidence in response to this Court's Order, the City and HPD provided a false narrative that would never have been revealed to the Court had Plaintiff not done her own due diligence to demonstrate the falsehood. As a result, the City and HPD provided a revised pleading.[11]

Nevertheless, given the inconsistent pleadings causing the undersigned to appoint counsel to assist Plaintiff in this claim, the undersigned **FINDS** that *at minimum*, pursuant to Rule 37, an award of Plaintiff's reasonable attorney's fees and costs as they relate to prosecuting the ***Motion for Sanctions*** for submitting a false pleading is justified, accordingly, to that extent, Plaintiff's ***Motion for Sanctions*** is **GRANTED**. (ECF No. 73) However, because the parties indicated that

---

[11] The Court recognizes that counsel for the City and HPD have been placed in an awkward position in having to explain the inconsistent pleadings, and the Court further recognizes that there can still be an innocent explanation. However, the seriousness of this matter cannot be overstated and the Court is concerned that it would necessarily have to rely upon the same entities/persons that provided the initial misrepresentation for additional explanation for the inconsistencies.

additional discovery may be pursued in order to determine what the City and HPD relied upon in filing its initial Notice, the Court will **DEFER** ordering Plaintiff's counsel to submit an accounting and affidavit concerning the fees and costs associated with the Motion for Sanctions as this matter may not necessarily be resolved at this time. At such time as Plaintiff believes this issue has been sufficiently investigated, she may submit her accounting and arguments as to the amount of attorney's fees and costs should be awarded. Of course, the City and HPD are free to argue against any fee and costs being awarded at all in this matter.

The award of fees and costs as indicated *supra* is a **minimum** sanction that the undersigned proposes due to the false pleading. However, it should not go unstated, that, had it not been for the false pleading and the concern that the false pleading raised with the Court, Counsel for Plaintiff would not have been appointed. While Counsel for Plaintiff can petition for attorney's fees and costs for this action if the Plaintiff is successful in her litigation, the undersigned finds that an additional sanction that the undersigned should consider is whether attorney's fees and costs to Plaintiff's counsel, pursuant to Rule 37, should be awarded even if the Plaintiff is ultimately unsuccessful since Counsel's was appointed as a direct result of the false pleading.[12] Because this appears to be a matter of first impression, the Court invites the parties to file briefs concerning arguments for all of Plaintiff's counsel's fees and costs, pursuant to Rule 37 or otherwise, that may have been incurred during litigation **regardless** of whether Plaintiff is ultimately meritorious on her claim against Defendants. Plaintiff shall file her brief on this issue no later than **January 13, 2020** and counsel for the City and HPD shall file its response no later than **January 27, 2020**.

---

[12] The Court is in no way suggesting a double recovery of attorney's fees. Instead, the undersigned believes that if Plaintiff is unsuccessful in her litigation against the City and HPD, then because the services of Counsel for Plaintiff was directly related to the false pleading, consideration should be made as to whether a Rule 37 sanction for Plaintiff's counsel's time and expense in representing Plaintiff should be awarded.

While the undersigned is of the belief that the Court has not yet fully ruled upon the issues as they relate to an award of attorney's fees and costs, and if any are to be determined, the undersigned does not believe that objections thereto can yet be made to the District Court Judge in accordance with Rule 72(a) of the Federal Rules of Civil Procedure.[13]

The Clerk is requested to send a copy of this Order to counsel of record.

**ENTER: December 17, 2019.**

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

[13] Should any party feel that this matter is sufficiently decided and believes that an objection should be filed with the Judge Chambers, that party is free to do so pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.