**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

KATINA VON NEWMAN,

       Plaintiff,

v.                                  CIVIL ACTION NO.   3:19-0075

THE CITY OF HUNTINGTON;
THE HUNTINGTON POLICE DEPARTMENT; and
MARSHALL UNIVERSITY POLICE,

       Defendants.

**ORDER**

Pending before the Court is Plaintiff Katina Von Newman's "Motion for Leave to File Second Amended Complaint and Join Additional Parties." ECF No. 96. Also pending is Defendant Marshall University Police Department's Motion to Dismiss. ECF No. 8. In the first motion, Plaintiff seeks to amend her original Amended Complaint, ECF No. 18, and join Shawn Henson and Bradley Koeppen as defendants in this case. *See* ECF No. 96-1. Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff may amend her pleading under these circumstances "only with the opposing party's written consent or the court's leave." A court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, a plaintiff may join new defendants in an action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, the Court notes that Plaintiff was proceeding *pro se* until counsel was appointed to represent her on August 26, 2019. ECF No. 64. The Second Amended Complaint is significantly more coherent and precise than Plaintiff's prior complaints, and presents a set of distinct claims that will aid in resolution of this matter on the merits. Though counsel was appointed in August, "delay alone is not sufficient reason to deny leave to amend." *Johnson v. Oroweat Foods Co.* 785 F.2d 503, 509 (4th Cir. 1986). Indeed, the "law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotations omitted) (emphasis in original). In this case, the Court sees no indication of bad faith on Plaintiff's part. The proposed amendments are not obviously futile, either—in fact, they significantly clarify many of the issues implicated by this case. Nor will the proposed Second Amended Complaint prejudice Defendants as this action moves forward.

The Court accordingly **GRANTS** Plaintiff's "Motion for Leave to File Second Amended Complaint and Join Additional Parties." ECF No. 96. The Second Amended Complaint, ECF No. 96-1, therefore replaces the Amended Complaint, ECF No. 18, and renders it a nullity. *See Fawzy v. Wauquiez Boats SNC*, 973 F.3d 451, 453 (4th Cir. 2017). Insofar as "motions directed at superseded pleadings are to be denied as moot," *Skibbe v. Accredited Home Lenders, Inc.*, No. 2:08-cv-01393, 2014 WL 2117088, at *3 (S.D.W. Va. May 21, 2014), Defendant Marshall University Police Department's Motion to Dismiss is accordingly **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      March 3, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE