IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATINA VON NEWMAN,

        Plaintiff,

v.                                  CIVIL ACTION NO.   3:19-0075

MARSHALL UNIVERSITY POLICE
DEPARTMENT, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On August 31, 2020, the Court held a hearing on Defendants' Joint Motion to Enforce Settlement. ECF No. 130. After hearing the parties' arguments, the Court **GRANTED** the motion for the following reasons.

On July 9, 2020, the parties participated in a mediation before the Honorable Omar J. Aboulhosn, a United States Magistrate Judge for this District. At the conclusion of the mediation, all the parties, including Plaintiff Katina Von Newman, signed a "Mediation Agreement." ECF No. 124. In the Mediation Agreement, Defendants City of Huntington, the Huntington Police Department, and Bradley Koeppen agreed to pay Plaintiff the sum of $110,000, and Defendants Marshall University Police Department and Shawn Henson agreed to pay the sum of $5,000, for a total sum of $115,000 for a full and final settlement of all her claims. *Mediation Agreement*, at

¶¶2, 3. The total included $15,000 to be paid to Plaintiff's attorney for his fees and costs, leaving Plaintiff $100,000.[1] *Id.* at ¶4.

At the hearing on the motion before this Court, Plaintiff admitted signing the Agreement. However, she said that, within twenty-four hours of signing it, she told her counsel she was unhappy with the settlement and that she would not comply with or finalize the Agreement. As a result, Plaintiff's counsel filed a "Notice of Plaintiff's Intent Not to Comply with the Executed Mediation Agreement" (ECF No. 125) on behalf of his client seeking guidance from the Court. Upon receipt of the Notice, the Court entered an Order directing Plaintiff to file an Affidavit stating why she no longer intended to comply. ECF No. 126.

In her Affidavit, Plaintiff maintains her case is worth significantly more money than what is provided in the Agreement she signed. *Aff. of Katina Von Newman*, ECF No. 128. She also expressed her displeasure with the way the mediation was conducted, and she states she thought she had no choice but to sign the Agreement. She further asserts, inter alia, that she should not be responsible to pay her attorney's fees. Thereafter, Defendants filed their Joint Motion to Enforce Settlement. ECF No. 130.

To resolve this dispute, the Court recognizes it has inherent authority to enforce a settlement agreement. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (2002) (citation omitted). As explained at the hearing, whether an agreement was reached and is enforceable is a matter of

---

[1] On that same day, Magistrate Judge Aboulhosn also filed a Mediation Report stating that the case settled. ECF No. 122.

contract law. For an enforceable contract to exist, the Court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Id*. at 540-41. If a complete settlement is found to exist, "the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is 'comparatively insubstantial.' [H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement[.]" *Id*. at 540 (internal quotation marks and citations omitted).

Here, the Court finds that the parties participated in a lengthy mediation with the Magistrate Judge.[2] In the end, there was a Mediation Agreement written and signed by all the parties. *See Mediation Agreement*, ECF No. 124. The Agreement contains only six short paragraphs and is set forth in plain and simple terms. The Agreement clearly provides that Defendants City of Huntington, the Huntington Police Department, and Bradley Koeppen will pay $110,000 for a full release and settlement and Defendants Marshall University Police Department and Shawn Henson will pay $5,000 for a full settlement. *Id*. at ¶¶2, 3. Both provisions state the amounts paid include attorney's fees and costs. *Id.* The very next paragraph states that of the $115,000 being paid, Plaintiff shall receive $100,000 and her counsel shall receive $15,000 for his fees and costs. *Id*. at ¶4. The Court finds the terms set forth a complete settlement and there is nothing confusing, misleading, or complicated about the terms set forth in the Agreement. In addition, Plaintiff does not deny knowing the terms of the Agreement or having the opportunity to read the Agreement before she signed it.

---

[2]Defendants state in their Joint Motion that mediation lasted three hours.

In her Affidavit, Plaintiff states that she believed she would be settling each claim individually, and she claims "[i]t was not. And that is what I believe would be right. I want the max for each claim. I believe that Marshall University should be held accountable for everything I went through. . . . According to this settlement they are paying nothing to me and getting away with everything they have done to me." *Aff. of Katina Von Newman*, at ¶2. However, contrary to Plaintiff's assertion, the signed Agreement plainly states in paragraph three that Marshall University and Mr. Henson shall pay Plaintiff $5,000 toward the settlement.

Plaintiff further contends that she felt like she had no choice but to settle because, at the end of the mediation, the Magistrate Judge told her the case settled and handed her the Agreement to sign. To this point, the Court notes that Plaintiff was represented by competent counsel, and she makes no representation that she questioned either her counsel or the Magistrate Judge about whether she was required to sign the Agreement. Likewise, Plaintiff has not claimed that she did not understand the terms of the Agreement as written. Although Plaintiff may be unhappy with the settlement amounts, the Court finds Plaintiff signed the Agreement on her own volition. Plaintiff's second thoughts about signing the Agreement is not enough to invalidate an otherwise enforceable contract. Moreover, the Court finds nothing in the factual allegations made by Plaintiff regarding how the mediation was conducted or how the settlement was presented to her that leads the Court to find she was under any unusual duress, undue influence, fraud, or the like when she signed it.[3]

---

[3] The Court understands that most litigants experience some level stress when participating in a mediation. However, there is no evidence that any stress Plaintiff faced in this case was more than what is typical in such a situation.

Accordingly, for the above reasons and the reasons stated at the hearing, the Court **FINDS** a binding settlement was reached and **GRANTS** Defendants' Joint Motion to Enforce Settlement. ECF No. 130. The Court further **DIRECTS** the parties to submit a dismissal order **on or before September 15, 2020**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 4, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE